UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BELLAHAUEL BENOTMANE, | ) |
| Petitioner | ) ) ) |
| v. | ) Civil Action No. ) 04CV10049-WGY |
| JOSEPH F. MCDONOUGH, SHERIFF, PLYMOUTH COUNTY, | ) ) ) ) |
| Respondent | ) |

RESPONDENT'S RETURN AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Respondent[1] moves to dismiss this case because although petitioner has challenged his continuing detention by respondent, he has now been released from respondent's custody, on March 12, 2004.  See Attachment A.

Accordingly, since the relief sought by petitioner has now been granted by respondent, the case should be dismissed as moot.

---

[1] The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA"). Most of the interior enforcement functions of the former INS were transferred to the Department of Homeland Security ("DHS"), Directorate of Border and Transportation Security, Bureau of Immigration and Customs Enforcement. These changes were effective March 1, 2003. The responsive successor official of the Department of Homeland Security in the instant action is Interim Field Office Director Bruce Chadbourne for the Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail at his record address on March 12, 2004.

_____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

ARGUMENT

I. PETITIONER HAS BEEN RELEASED FROM RESPONDENT'S CUSTODY AND THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Laurence H. Tribe, American Constitutional Law S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, S. 2 et seq.; see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994).

Because the result sought in the petition -- release from the custody of the Department of Homeland Security until such time as his removal becomes practicable -- has now been effected by petitioner's release from custody on March 12, 2004, see Attachment A, there is no live case or controversy and

| U.S. Department of Justice | Order of Supervision |
|---|---|
| Immigration and Naturalization Service | |

File No: A76 497 667

Date: 3-12-04

Name: BELLAHUEL,    Benotme

On <u>1-8-03</u>, you were ordered:
(Date of final order)

☐ Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
☒ Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

☒ That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

☒ That you do not travel outside <u>Boston District</u> for more than 48 hours without first
(Specify geographic limits, if any)
having notified this Service office of the dates and places of such proposed travel.

☒ That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

☒ That you report in person on the <u>1st Business</u> day of <u>Every Month</u> to this Service office at:
<u>JFK Federal Building, Room 1775, Boston, MA 02203</u>
unless you are granted written permission to report on another date.

☒ That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

☒ Other: <u>That you do not violate and local, state or federal laws.</u>

☐ See attached sheet containing other specified conditions (Continue on separate sheet if required)

_____
(Signature of INS official)
Bruce Chadbourne, IFOD
(Print name and title of INS official)

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the <u>ENGLISH</u> language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____          _____          <u>03-12-04</u>
(Signature of INS official serving order)    (Signature of INS alien)                (Date)

Form I-220B (Rev. 4/1/97)N

accordingly the petition should be dismissed as moot.

## CONCLUSION

Because there is no present case or controversy, this action should be dismissed for mootness.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

3

**ATTACHMENT A**